UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIJAY KUMAR P.,<br>(A-Number: 245-430-334)<br><br>          Petitioner,<br><br>    v.<br><br>WARDEN, Mesa Verde Detention Center,<br>MINGA WOFFORD, Field Office Director,<br>Enforcement and Removal Operations;<br>TODD LYONS, Acting Director of United<br>States Immigration and Customs<br>Enforcement; MARKWAYNE MULLIN,<br>Secretary of the United States Department of<br>Homeland Security; PAMELA BONDI,<br>Attorney General of the United States,<br><br>          Respondents. | No.  1:26-cv-02529-KES-FJS (HC)<br><br>FINDINGS AND RECOMMENDATION TO<br>GRANT PETITION FOR WRIT OF HABEAS<br>CORPUS AND DENY MOTION TO DISMISS<br><br>[ECF Nos. 1, 7]<br><br>[10-DAY OBJECTION DEADLINE] |

Petitioner is an immigration detainee proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the instant petition on April 2, 2026, challenging his re-detention by the Department of Homeland Security ("DHS"). (ECF No. 1.) On April 7, 2026, the court issued an order directing Respondents to show cause as to whether there were any factual or legal issues in this case that distinguish it from the court's prior orders in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL

3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025). (ECF No. 4.) On April 10, 2026, Respondents filed an answer to the petition and a motion to dismiss certain respondents. (ECF Nos. 6, 7.)  On April 13, 2026, Petitioner filed a reply to the answer and an opposition to the motion to dismiss. (ECF Nos. 8, 9.)

The papers raise three issues for the court to address:

First, in response to the court's order, Respondents state that they "do[] not have legal arguments to distinguish this case from prior orders issued by the Court, nor do[] Respondent[s] find material factual differences between this case and those identified." (ECF No. 6 at 2.) Yet, Respondent notes that Petitioner was taken into custody on or about March 16, 2026, at the time he was arrested for misdemeanor battery. (ECF No. 6 at 2.) The charge remains pending. (ECF No. 6 at 2.) The charge does not alter the conclusion that Petitioner was re-detained without affording him due process as determined in the court's prior cases. Nevertheless, because there is at least a colorable basis for Petitioner's arrest, the court finds a post-deprivation hearing to be appropriate. *See Martinez Hernandez v. Andrews,* No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025). In line with previous cases, the court finds that the government should bear the burden of proof at any such hearing to demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or risk of non-appearance. *M.R.R.*, 2025 WL 3265446, at *14; *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032-33 (N.D. Cal. 2025).

Second, Petitioner requests that Respondents be further enjoined from re-detaining him absent compliance with constitutional and statutory requirements, including the provision of a lawful custody determination. (ECF No. 1 at 19.) A party seeking a permanent injunction must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *W. Watersheds Project v.*

2

*Abbey*, 719 F.3d 1035, 1054 (9th Cir. 2013). Other courts have declined to enter permanent injunctions restraining the government from future immigration detainments. *See, e.g., Guan v. Bondi*, No 26-cv-192-CCB-SJF, 2026 WL 772417, at *3 (S.D. Ind. March 19, 2026). Because the court is not recommending release, Petitioner's request for a restraint on further detention is premature. In addition, this court recommends against incorporating a notice and hearing restraint for three additional reasons.

- First, a prospective permanent injunction imposing a notice requirement for this Petitioner before re-detention would necessarily require caveats. *See, e.g., Munoz-Soto v. Chestnut*, No. 26-cv-02310-KES-SKO, 2026 WL 913047, at *1 n.2 (E.D. Cal. April 2, 2026) (restraining respondent from re-detaining petitioner without a pre-deprivation hearing except when petitioner becomes subject to an executable final order of removal); *Lovedeep A. v. Warden*, 26-cv-01070-JLT-FJS, 2026 WL 947012, at *1 n.1 (E.D. Cal. April 8, 2026) (preliminarily restraining respondent from re-detention without a pre-deprivation hearing except when legally-sufficient circumstances justify arrest without notice in advance). It is unclear whether the court can currently anticipate all possible exceptions to a notice requirement that might reasonably apply to future immigration enforcement activity. A permanent restraint that is judicially created, proves unintentionally overbroad, and consequently frustrates congressionally authorized future immigration enforcement activity does a disservice to the public interest.

- Second, requiring Respondent to individually track a special notice provision that applies only to Petitioner is administratively burdensome and, as time passes and personnel changes, increasingly likely to be lost to the bureaucratic abyss. This consequence imposes an unbalanced hardship on Respondents that tips against imposition of a permanent injunction.

- Third, the petition does not proffer evidence of future detainment. (ECF No. 1.) At this point, the possibility of future confinement is too speculative to justify permanent injunctive relief. *Cf. Guan v. Bondi*, No. 26-cv-192-CCB-SJF, 2026

3

WL 772417, at *3 (N.D. Ind. March 19, 2026).

Should Petitioner be released in the future, this court is sensitive to the concern that Petitioner might be re-detained on the same grounds that this court now rejects. The court is confident Respondents will be mindful of complying with the final disposition of this petition and honoring that outcome's *res judicata* effects. *See United States v. Chung Shee*, 76 F. 951, 952-53, 956 (9th Cir. 1896) (affirming the release of an immigrant who was arrested on re-examination after previously obtaining habeas relief that permitted her entry to the United States because "[s]he cannot again be lawfully arrested and held on the same facts that were in issue in the [earlier habeas] proceeding"). Should that confidence prove to be misplaced, however, permanent injunctive relief may become appropriate.

Third, Respondents moved to dismiss the petition for all respondents other than Petitioner's immediate custodian. (ECF No. 7.) Petitioner opposes the motion. (ECF No. 9.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement— 'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). For such core habeas challenges, "only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent . . . ." *Doe v. Garland*, 109 F.4th 1188, 1195 (9th Cir. 2024). But *Doe* did not address who may be named as a respondent when the relief sought includes a restraint on future detention—a non-core habeas challenge. That issue was addressed in *Dunne v. Henman*, where the Ninth Circuit explained that, for non-core habeas challenges, the "official" who has control over a "future" restraint on the petitioner's freedom is the "true custodian" and should be named as a respondent. *Dunne v. Henman*, 875 F.2d 244, 248–49 (9th Cir. 1989) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973)); *see also Doe*, 109 F.4th at 1194, 1197 (noting that in *Dunne* the petitioner "filed his § 2241 petition to attack a future sentence, not his present physical confinement, rendering his petition a non-core habeas petition . . . ."); *Padilla*, 542 U.S. at 437–39 (explaining that the "immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement[,]"

4

and in such a case, a petitioner "may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'")

The petition in this case presents both a core and a non-core habeas challenge. Petitioner seeks his release from his present physical confinement at Mesa Verde Detention Facility, and he properly named the Warden of Mesa Verde Detention Facility as a respondent. But he also requests that the Court "[e]njoin Respondents from re-detaining Petitioner absent compliance with constitutional and statutory requirements, including the provision of a lawful custody determination," and for that purpose he named the remaining respondents. (ECF No. 1 at 5-6, 19.) Respondents request that the Court dismiss the latter group of officials, but it is those officials, not the Warden, who would make the decision to re-detain him. Respondents' motion to dismiss the remaining respondents should be denied.

RECOMMENDATION

For the foregoing reasons, the court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED-IN-PART, Respondents' motion to dismiss certain named respondents be DENIED, and Respondents be ORDERED TO PROVIDE Petitioner with a bond hearing before an immigration judge where the government must demonstrate by clear and convincing evidence that Petitioner poses a risk of non-appearance or a danger to the community if he is released.

These findings and recommendation are submitted to the United States district court judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of these findings and recommendations a party may file written objections with the court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The court will not consider exhibits attached to the objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. The district judge may

disregard any pages filed in excess of the fifteen (15) page limitation. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated:   **May 15, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

6